1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq. (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:    510/832-5001
4  Facsimile:    510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  JOHN SCHULZ

7  KIMBERLY Y. CHIN, State Bar No. 271333
   kchin@aghwlaw.com
8  CHRISTINA M. FORST, State Bar No. 306632
   cforst@aghwlaw.com
9  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
10 San Francisco, CA 94104
   Telephone: (415) 697-2000
11 Facsimile: (415) 813-2045

12 Attorneys for Defendant
   SAN MATEO COUNTY HARBOR DISTRICT

13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCHULZ,<br><br>    Plaintiff,<br><br>v.<br><br>KETCH JOANNE RESTAURANT & HARBOR BAR, *a California Corporation*, SAN MATEO COUNTY HARBOR DISTRICT, *a Government Entity*<br><br>    Defendants. | Case No. 3:19-cv-00992-MMC<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: February 22, 2019 |

1.     Plaintiff JOHN SCHULZ filed a Complaint in this action on February 22, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants KETCH JOANNE RESTAURANT & HARBOR BAR and SAN MATEO COUNTY

1 HARBOR DISTRICT.  Plaintiff has alleged that Defendants violated Titles II and III of the ADA; Sections 51, 51.7, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, section 4450 of the California Government Code; and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to users of the Ketch Joanne Restaurant & Harbor Bar at 17 Johnson Pier, Half Moon Bay, California. Defendants deny any and all liability.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of or which could have been alleged based on the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:** Defendants shall perform the remedial work set forth in the report attached to this Consent Decree as Exhibit A.

    b. **Policy Based Remedial Measures and Administrative Procedures:**

        i. Defendants agree to keep existing restrooms open to the public until time of construction to create unisex accessible restroom

        ii. Defendant Ketch shall post a sign that states "Accessible Restrooms Coming Soon. If you need assistance finding an accessible restroom please let us know." Defendant Ketch will provide an reasonable assistance with accessible restroom access.

        iii. Defendant Ketch agrees that within 30 days from the date of filing this document with the Court, Defendant Ketch will make the following policy commitments: All staff, including managers, will be trained to offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations by way of a written ADA policy and Procedure Manual. Defendant Ketch agrees to make reasonable accommodations in their policies and practices when interacting with disabled patrons.

        iv. Defendant Ketch agrees that by January 31, 2020, it will obtain an insurance policy with coverage for claims arising out of the ADA or inform the Harbor District that it cannot obtain such coverage along with the reasons why.

    c. Timing: Defendant Ketch will complete each assigned item on the schedule stated in this Consent Decree by June 1, 2020, barring unknown circumstances beyond their control. Defendant Harbor District will complete

each assigned item on the schedule stated in this Consent Decree by June 1, 2020, barring unknown circumstances beyond their control, subject to the Board of the Harbor District's approval. In the event that unforeseen difficulties or good faith, reasonable construction or administrative related delays prevent any Defendant from completing any of the agreed-upon injunctive relief, that Defendant or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with that Defendants, and to approve the delay by stipulation or otherwise respond to that Defendant's notice. Plaintiff will provide a reasonable extension and continue to based on the circumstances that are not within the control of Defendants. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

d. Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than June 1, 2020.

e. If Defendants fail to provide injunctive relief on the agreed upon timetable, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in an ADR Program sponsored mediation.

f. If the mediation fails to resolve the dispute, Plaintiff may seek relief via motion for an order directing the Defendants to comply with the terms of the settlement agreement and pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6. Defendant Harbor District agrees to pay Plaintiff a total of $63,000 for Plaintiff's damages, attorney fees, litigation expenses, and costs. The damages, attorney fees, litigation expenses and costs shall be paid by check payable to "REIN & CLEFTON IN TRUST FOR JOHN SCHULZ" and delivered to Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland California, by close of business on January 8, 2020.

7. Defendant Ketch agrees to reimburse the Harbor District a total of $10,000. This amount shall be paid over the course of 10 months in equal installments of $1,000. Each installment shall be paid by the close of the first business day of each month with the first payment made on or by February 3, 2020. The installment shall be paid by check payable to "SAN MATEO COUNTY HARBOR DISTRICT" and delivered to the Harbor District at P.O Box 1449, El Granada, CA 94018 (if by mail) or 504 Avenue Alhambra, 2nd Floor, El Granada, CA 94018 (if in person).

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

12. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | Dated: 12-9-, 2019 | PLAINTIFF JOHN ~~SCULZ~~ Scholz |

Dated: 12-9-, 2019                  PLAINTIFF JOHN ~~SCULZ~~ Scholz

_____
JOHN SCHULZ

Dated: 12/9, 2019                   DEFENDANT KETCH JOANNE RESTAURANT
                                    & HARBOR BAR

By: Joanne Franklin
Print name: Joanne Franklin
Title: owner

Dated: 12/9, 2019                   DEFENDANT SAN MATEO HARBOR
                                    DISTRICT

By: _____
Print name: Virginia Chang Kiraly
Title: President

Approved as to form:

Dated: 12/9, 2019                   REIN & CLEFTON

_____
By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
JOHN SCHULZ

Dated: 12/9, 2019                   ALLEN, GLAESSNER, HAZELWOOD &
                                    WERTH, LLP

_____
By: KIMBERLY CHIN, ESQ.
Attorneys for Defendants
SAN MATEO COUNTY HARBOR DISTRICT

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: January 6, 2020

_Maxine M. Chesney_
Honorable Maxine M. Chesney
U.S. District Court Judge